UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
INES McGILLIVRAY,                   )
                    Plaintiff       )
                                    )
v.                                  )    Civil Action No. 05-11826-MLW
                                    )
LIFE INSURANCE COMPANY              )
OF NORTH AMERICA,                   )
                    Defendant       )
_____)
```

## LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER

Defendant Life Insurance Company of North America, ("Defendant") hereby answers Plaintiff's Amended Complaint as follows:

### INTRODUCTION

The allegations contained in the Introduction are legal conclusions to which a response is not required.

### PARTIES

1. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

### FACTS

4. Defendant admits that it issued and underwrote Policy No. OK 826557 ("Policy") of insurance to Partners Health Care Systems, Inc. ("Partners"). Defendant denies that it was issued on or about January 1, 2003.

5. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits that Plaintiff filed a claim form for benefits under the Policy and that Defendant acknowledged receipt. Defendant denies that it was on March 11, 2004.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits there is a denial letter dated May 12, 2004. Defendant denies the remaining allegations contained in Paragraph 10 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. Defendant admits there is a Policy. Defendant denies the remaining allegations contained in Paragraph 13 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

14. Defendant denies the allegations contained in Paragraph 14.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance Policy or Plan at issue.

2. The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

3. No payments are owed to the Plaintiff under the terms and conditions of the said Policy or Plan.

4. This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

5. The answering Defendant asserts any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

6. LINA's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

7. Under all of the circumstances, Plaintiff is owed no benefits under the Policy or Plan, or interest, costs and/or attorney's fees.

    The Defendant,

    Life Insurance Company of North America

    By its Attorneys,

    /s/David B. Crevier
    David B. Crevier, BBO # 557242
    Katherine R. Parsons, BBO # 657280
    Crevier & Ryan, LLP
    1500 Main Street, Suite 2020
    Springfield, MA 01115-5727
    Tel:  (413) 787-2400
    Facsimile:  (413) 781-8235
    Email: dcrevier@crevierandryan.com
           kparsons@crevierandryan.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail postage prepaid this 13th day of January, 2006.

    /s/David B. Crevier