UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
INES McGILLIVRAY,                   )
                    Plaintiff       )
                                    )
v.                                  )   Civil Action No. 05-11826-MLW
                                    )
LIFE INSURANCE COMPANY              )
OF NORTH AMERICA,                   )
                    Defendant       )
_____)

**JOINT STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, the Defendant, Life Insurance Company of North America ("Defendant"), and Plaintiff, Ines McGillvray ("Plaintiff"), file this Joint Statement Regarding Pretrial Matters.

1.  Proposed Discovery Plan and Schedule for Motions

    The parties propose the schedule set forth below for consideration by the court. The parties do not wish to conduct phased discovery.

    a.  Motions to join additional parties and to amend the pleadings must be filed by **July 21, 2006**.

    b.  Insofar as this matter involves the review of an administrative record whose content will be decided based on the methodology set forth herein, the parties are relieved of any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, and as provided for in Fed. R. Civ. P. 26(a)(1)(E)(i).

    c.  The Court orders the Defendant to provide Plaintiff with a Proposed Record for Judicial Review ("Proposed Record") on or before **August 14, 2006.** The Proposed

1

    Record shall consist of the following documents – unredacted, and arranged in an orderly fashion: 1) all non-privileged documents contained in the Defendant's claim file concerning Plaintiff's claim; and 2) all relevant plan documents in the possession of the Defendant.

d. Upon receiving the Proposed Record, the Plaintiff shall review the documents submitted as part of the Proposed Record and identify those documents containing information that must be redacted or filed under seal pursuant to Rule 5.3 of this Court's Rules (amendment effective May 6, 2003). Plaintiff shall bear sole responsibility for identifying information that must be redacted or filed under seal pursuant to Rule 5.3. Plaintiff shall notify Defendant's counsel in writing by **September 4, 2006**, providing a list of all information it seeks to redact, or file under seal pursuant to Local Rules 5.3. If the Defendant objects to the proposed redaction or filing under seal of any of the information proposed to be redacted or sealed by Plaintiff, the parties shall confer in an attempt to resolve those issues. If the issues cannot be resolved, either party may file a motion with the Court seeking a ruling on any such issues said motion to be filed on or before **September 18, 2006**. Alternatively, either party may file a motion to seal the entire Record for Judicial Review, on or before **September 18, 2006**.

e. If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, Plaintiff must notify the Defendant's counsel in writing of the same by **September 25, 2006**. If the Plaintiff does not provide such notice by **September 25, 2006**, then the Defendant shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete

Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **October 2, 2006**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the Defendant shall file with the Court by **October 9, 2006**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **October 16, 2006**.

f.  If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any submissions showing cause for entitlement to discovery must be filed by **October 16, 2006**. Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

g.  If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of

      the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by **October 16, 2006**. Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

  h.  Upon the Court's determination that the Record for Judicial Review is complete, the parties shall move for Judgment on the Record for Judicial Review and the Court shall decide the case based on the Record for Judicial Review. <u>See Orndorf v. Paul Revere Life Insurance Company</u>, 404 F.3d 510 (1st Cir. 2005) ("where review is properly confined to the administrative record before the ERISA plan administrator . . . there are no disputed issues of fact for the Court to resolve," similarly, "where review is based on an administrative record and no additional evidence is considered, jury trials are not available.")

  i.  Any party filing a Motion for Judgment on the Record for Judicial Review, shall do so on or before **March 1, 2007**.

  j.  Any party filing an Opposition to a Motion for Judgment on the Record for Judicial Review shall do so on or before **March 29, 2007**.

2.  <u>Certification Regarding Costs and Alternate Dispute Resolution</u>.

The parties will submit their respective certifications individually at or before the Scheduling Conference.

Respectfully Submitted,

| The Plaintiff, | The Defendants |
| --- | --- |
| INES McGILLIVRAY | CIGNA GROUP INSURANCE and LIFE INSURANCE COMPANY OF NORTH AMERICA |
| By her attorney: | By their counsel: |
| /s/Paul R. Chomko, Esq. | /s/Katherine R. Parsons |
| Paul R. Chomko, Esq., BBO # 637716 | David B. Crevier, BBO # 557242 |
| ALFORD & BERTRAND, LLC | Katherine R. Parsons, BBO # 657280 |
| PO Box 322 | CREVIER & RYAN, LLP. |
| Watertown, MA 02471-0322 | 1500 Main Street, Suite 2020 |
| Tel: (617) 926-8800 | Springfield, MA 01115-5727 |
| Email: attorneys@alfordandbertrand.com | Tel: (413)787-2400 |
| | Facsimile: (413) 781-8235 |
| | Email: dcrevier@crevierandryan.com |
| | kparsons@crevierandryan.com |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this 26th day of June, 2006.

/s/Katherine R. Parsons