UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                   )
INES McGILLIVRAY,                  )
              Plaintiff    )
                                                   )
v.                                             )         Civil Action No. 05-11826-MLW
                                                   )
LIFE INSURANCE COMPANY    )
OF NORTH AMERICA,             )
              Defendant  )
_____)

**OPPOSITION TO PLAINTIFF'S STATEMENT OF NEED FOR DISCOVERY TO SUPPLEMENT THE RECORD FOR JUDICIAL REVIEW**

      Defendant, Life Insurance Company of North America ("LINA"), files this opposition to Plaintiff's Statement of Need for Discovery to Supplement the Record for Judicial Review ("Motion to Supplement"). Plaintiff seeks to take and supplement the Record for Judicial Review with the deposition of Dr. Garner. Plaintiff states that Dr. Garner is a doctor from the Addiction Recovery Program at Faulkner Hospital, a program that Decedent left two days before he caused a motor vehicle accident by driving with a blood alcohol level of 0.242%, crossing the center line and crashing head on with another vehicle, seriously injuring himself and the other driver. Decedent died from injuries sustained in that accident and Plaintiff seeks to recover accidental death benefits under an ERISA governed Group Accident Policy. This is an ERISA case and the Court will review the Record for Judicial Review ("Record") to determine whether or not the administrator's decision, based on the Record, was arbitrary and capricious.

      As set forth below, the Court must deny Plaintiff's Motion to Supplement because it: (1) is an affront to the comprehensive and reticulated ERISA statute and violates the First Circuit rule against supplementing the Record with evidence not presented to the administrator during

1

the administrative review process absent unique circumstances; and (2) violates the Orders and Rules of this Court.

## FACTS

1. LINA issued and insured Group Accident Policy OK 826557 to Partners Health Care Systems, Inc. (the "Plan"). <u>Record for Judicial Review</u> at Bates stamped page 1 (all subsequent references to Bates stamped pages in the Record for Judicial Review are in the following form: <u>Record</u> at 1).[1]

2. Paul Joseph McGillivray ("Decedent") was a participant in the Plan.

3. Decedent died on January 15, 2004. <u>Record</u> at 52.

4. Plaintiff is Decedent's beneficiary under the Plan.

5. Plaintiff submitted a claim for benefits to LINA dated February 26, 2004. <u>Record</u> at 24-25.

6. LINA's investigation of Plaintiff's claim included the collection and review of police reports, news articles, death certificates, medical records and reports. <u>Record</u> at 52-68, 129-133, 137-138, 140-165.

7. After a thorough investigation, LINA denied Plaintiff's claim by letter dated May 12, 2004. <u>Record</u> at 91.

8. Plaintiff appealed the denial by facsimile dated May 20, 2004 and attached a form signed by Decedent from the Addiction Recovery Program. <u>Record</u> at 95-98.

9. LINA reviewed Plaintiff's Appeal, further investigated Plaintiff's claim, and obtained additional information relating to Plaintiff's claim, including the records from the

---

[1] All references to the Record refer to the Agreed Upon and Complete Record for Judicial Review filed with this Court in accordance with the Court's Scheduling Order (Document No. 12).

Addiction Recovery Program that Decedent left on January 13, 2004, two days before the Decedent, while driving intoxicated, crossed the center line and collided head on with another vehicle.  Record at 140-159.

10. Following LINA's review and further investigation, LINA denied Plaintiff's appeal by letter dated November 17, 2004.  Record at 126.

## ARGUMENT

The Court must deny Plaintiff's Motion to Supplement because it: (1) is an affront to the comprehensive and reticulated ERISA statute and violates the First Circuit rule against supplementing the Record with evidence not presented to the administrator during the administrative review process absent unique circumstances; and (2) violates the Orders and Rules of this Court.

**I.     PLAINTIFF'S MOTION IS AN AFFRONT TO ERISA AND VIOLATES THE FIRST CIRCUIT RULE AGAINST SUPPLEMENTING THE RECORD FOR JUDICIAL REVIEW**

The Court must not allow Plaintiff to obtain discovery or supplement the Record for Judicial Review ("Record") with evidence that was not presented to LINA during the claim review process.  ERISA is a "comprehensive and reticulated statute.  Watson v. Deaconness Waltham Hospital, 298 F.3d 102, 112 (1st Cir. 2002).  Congress carefully promulgated ERISA for the purpose of balancing the goal of benefiting employees with the goal of keeping the costs of private plans down in order to encourage private employers to offer benefit plans.  Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 514-515 (1981), citing H.R.Rep.No. 93-807, p. 69 (1974), 120 Cong. Rec. 29928 (1974), 3 Leg.Hist. 4732.  The Courts have developed a body of ERISA case law consistent with Congress' cost containment purposes, including rules that limit the Court's review to the Record before the administrator and generally deny discovery.

3

As discussed below, consistent with the purpose of ERISA, the First Circuit has ruled that there is a strong presumption that a Court's review of a plan administrator's benefit decision is limited to the evidentiary record presented to the administrator. Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003); Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). The strong presumption that the Court's review is limited to the Record before the claims administrator at the time the claim was denied may only be overcome in unique circumstances, none of which are present in this case. Liston, 330 F.3d at 23; Orndorf, 404 F.3d at 520.

A.  **The Court Must Not Allow Plaintiff To Obtain or Supplement The Record With Evidence Not Presented To LINA During The Administrative Review Period**

In reviewing an ERISA determination for arbitrariness, the First Circuit has held that there is a "strong presumption that the required deferential review of a plan administrator's benefit decision should be limited to the evidentiary record presented to the administrator. See, Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003)." Lopes v. Metropolitan Life Ins. Co., 332 F. 3d 1, 5 (1st Cir. 2003). The arbitrary and capricious standard of review applies when a plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The plan here clearly grants discretionary authority to LINA, "the Insurance Company shall have the authority, **in its discretion, to interpret terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related finding of fact."** Record at 4 (emphasis added). There is no dispute that the standard of review in this case is arbitrary and capricious.

The rationale for limiting the Record to the evidence before the administrator at the time it made its benefit determination is clear. The Court's role in deciding if an administrator acted

4

arbitrarily and capriciously is to review the Record before the administrator, and then determine if the administrator acted unreasonably with respect to **that** Record.  See, Lopes, 332 F. 3d at 5; accord, Liston, 330 F.3d at 24.  Stated alternatively, "it is anomalous to suggest that an administrator acted unreasonably 'by ignoring information never presented to it.'"  Lopes, 332 F.3d at 5; citing, Liston, 330 F.3d at 23.

Furthermore, ERISA's exhaustion of remedies requirements would be rendered meaningless if a claimant could simply submit her evidence to a court for its consideration for the first time.  Liston, 330 F.3d at 24 ("Exhaustion of remedies principles point in this direction, even if *no* deference were due to the administrator's determination").  Similarly, ERISA's full and fair review requirements, stated in ERISA § 503, would be vitiated if a Plaintiff could simply skip the administrative appeal of his claim and present his evidence to the Court for its consideration.  As the Fifth Circuit held, "if a claimant believes that the district court is a better forum to present his evidence, and we permit the claimant to do so, the administrator's review of claims will be circumvented."  Vega v. National Life Insurance Services, Inc., 188 F.3d 287, 300 (5th Cir. 1999).

Moreover, allowing the Plaintiff to take and supplement the Record with the deposition of Dr. Garner is in direct contravention of the cost containment goals of the comprehensive and reticulated ERISA statute.  Not only does Plaintiff seek to supplement the record with evidence that she did not submit to the administrator, Plaintiff is actually seeking to obtain the evidence that she wants to use to supplement the Record.  Plaintiff's request to depose Dr. Garner is nothing more than a fishing expedition that brutally offends the cost containment goals of ERISA.

5

For the reasons set forth above, the Record in this case must be limited to the evidence before LINA at the time it denied Plaintiff's appeal and discovery must be denied unless Plaintiff can demonstrate unique circumstances to overcome the strong presumption against supplementing the Record.

**B.    Plaintiff Proffers No Basis For Overcoming The Strong Presumption That The Court's Review Is Limited To The Record For Judicial Review**

The "strong presumption" limiting the Record can only be overcome in unique circumstances, such as where, the "decisional process is too informal to provide a record" or where there has been "corruption" or other acts that affected the administrator's decision and were not documented in the Record.  Liston, 330 F.3d at 23.  There are no "unique circumstances" present in this case to warrant a supplementing of the Record.

The only reason given by Plaintiff to support her argument that the Court should allow her to depose Dr. Garner of the Addiction Recovery Program and supplement the Record with his deposition testimony is that "Dr. Garner's testimony would be relevant to the discussion of the medications and their physical and mental effects," as well as to Decedent's state of mind. Plaintiff's Motion to Supplement at 1-2.  The desire to submit additional information regarding the medical or mental condition of the decedent that Plaintiff did not submit during the administrative review period does not constitute a "unique circumstance" warranting discovery and supplementation of the Record.  Orndorf, 404 F.3d at 519 (denying plaintiff's motion to supplement the record with medical information obtained after the claim denial stating, "[t]he claimant may not come to a court and ask it to consider post-denial medical evidence in an effort to reopen the administrative decision.").

Plaintiff does not identify any "unique circumstances," nor will she be able to identify any "unique circumstances" because: (1) as demonstrated by the Record filed with this Court, the

6

decisional process was formal and did provide a Record for Judicial Review; and (2) there has been no corruption or any other circumstances that affected the administrator's decision.

Plaintiff cannot overcome the strong presumption that the Court's review is limited to the Record and Plaintiff's Motion to Supplement must be denied.

## II. PLAINTIFF'S MOTION VIOLATES THE SCHEDULING ORDER AND THE REQUIREMENT OF LOCAL RULE 7.1 TO CONFER

Plaintiff's Motion to Supplement violated the Court's Scheduling Order, which required the Plaintiff to notify Defendant's counsel if the Proposed Record was incomplete or inaccurate in any way. Scheduling Order at 2-3 (Document No. 12). Plaintiff's Motion to Supplement also violates the requirement of Local Rule 7.1 that Plaintiff's counsel "confer in good faith to resolve or narrow the issue" in the motion.

The Court's Scheduling Order requires the following:

> ***If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, Plaintiff must notify the Defendant's counsel in writing*** of the same by **September 25, 2006**. If the Plaintiff does not provide such notice by **September 25, 2006**, then the Defendant shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **October 2, 2006**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the Defendant shall file with the Court by **October 9, 2006**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **October 16, 2006**.

Scheduling Order at 2-3 (Document No. 12)(emphasis added), adopted by Order of this Court on July 7, 2006. Local Rule 7.1(A)(2) states that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

In violation of the Scheduling Order and Local Rule 7.1, Plaintiff's counsel never conferred with Defendant's counsel and never notified Defendant's counsel in writing or otherwise that Plaintiff thought the Proposed Record for Judicial Review was incomplete or that Plaintiff was going to seek to supplement the Record for Judicial Review. As such, Plaintiff's Motion to Supplement violates the Court's Scheduling Order and Local Rule 7.1 and must be denied.

## CONCLUSION

For the reasons set forth above, LINA respectfully requests that this Court deny Plaintiff's Motion for Discovery and to Supplement the Record for Judicial Review.

Respectfully submitted,

The Defendant,
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

By its Counsel:


/s/Katherine R. Parsons
David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO# 657280
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 25th day of October 2006.

/s/Katherine R. Parsons

8