UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
INES McGILLIVRAY,                   )
            Plaintiff               )
v.                                  )   Civil Action No. 05-11826-MLW
                                    )
LIFE INSURANCE COMPANY              )
OF NORTH AMERICA,                   )
            Defendants              )
_____ )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR JUDGMENT ON THE RECORD AND DEFENDANT'S
MOTION FOR JUDGMENT ON THE RECORD FOR JUDICIAL REVIEW**

Defendant, Life Insurance Company of North America ("LINA"), submits this response to Plaintiff's Objections to the Report and Recommendation on Plaintiff's Motion for Judgment on the Record and Defendant's Motion for Judgment on the Record ("Plaintiff's Objections").

**INTRODUCTION**

Plaintiff sets forth a series of confused objections to the Magistrate's Report and Recommendation, which are premised on: 1) Plaintiff's unsupported argument that LINA was obligated to apply the analysis set forth in Wickman v. Northwestern National Ins. Co., 908 F.2d 1077 (1st Cir. 1990), cert. denied, 498 U.S. 1013 (1990), in its review of Plaintiff's claim, Plaintiff's Objections at 3-4, 6-8; 2) Plaintiff's misstatement of the Wickman analysis in conjunction with her failure to recognize that the Court extensively considered Mr. McGillivray's expectations, personal characteristics or experience, Plaintiff's Objections at 6-8; and 3) Plaintiff's unsupported argument that LINA was obligated to seek out and rely on the unverifiable statistics cited in Lennon and that Magistrate Judge Collings' refusal to rely on these same statistics is improper, Plaintiff's Objections at 5-6, 8-15.

1

**ARGUMENT**

For the reasons set forth in LINA's Memorandum in Support of its Cross Motion for Judgment on the Record and Opposition to Plaintiff's Motion for Judgment on the Record ("LINA's Motion for Judgment") and below, Magistrate Judge Collings: 1) correctly determined that LINA was not obligated to apply the analysis set forth in Wickman; 2) correctly applied the arbitrary and capricious standard of review; 3) correctly articulated the Wickman analysis and thoroughly considered Mr. McGillivray's expectations, personal characteristics and experience; and 4) correctly refused to consider statistics cited by a federal district court in the eastern district of Michigan that had not been presented to LINA during the administrative review process.

**A.      MAGISTRATE JUDGE COLLINGS CORRECTLY DETERMINED THAT LINA WAS NOT OBLIGATED TO APPLY THE WICKMAN ANALYSIS**

Magistrate Judge Collings correctly determined that LINA was not obligated to apply the Wickman analysis in its review of Plaintiff's claim. Report and Recommendation at 11. The majority of Plaintiff's objections to the Report and Recommendation are premised on her unsupported argument that LINA was obligated to apply the Wickman analysis in its review of Plaintiff's claim. See Plaintiff's Objections at 3-4, 6-8. In her objections to the Report and Recommendation, Plaintiff simply reiterates the arguments set forth in Plaintiff's Motion for Judgment on the Record ("Plaintiff's Motion for Judgment") and continues to lack any legal support for her position. Plaintiff's Objections at 2-8. As explained in LINA's Motion for Judgment, the Plan confers LINA with the discretion to interpret the Plan terms and to determine eligibility for benefits. LINA's Motion for Judgment at 13-15. Consequently, LINA is under no obligation to apply the Wickman analysis in its review of Plaintiff's claim. Id. As set forth herein, Magistrate Judge Collings correctly determined that LINA was not obligated to apply the Wickman analysis in its review of Plaintiff's claim.

2

**B.   MAGISTRATE JUDGE COLLINGS CORRECTLY APPLIED THE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW**

Based on her unsubstantiated position that LINA was obligated to apply the <u>Wickman</u> analysis to Plaintiff's claim, Plaintiff argues that LINA was acting under a conflict of interest and the Court erred in applying the arbitrary and capricious standard of review.  <u>Plaintiff's Objections</u> at 6, 14.  As explained in LINA's Motion for Judgment and the Report and Recommendation, LINA was under no obligation to apply the <u>Wickman</u> analysis and the fact that LINA did not apply the <u>Wickman</u> analysis to its review of Plaintiff's claim does not create a conflict of interest and does not warrant a loss of the arbitrary and capricious standard of review.  <u>Report and Recommendation</u> at 11; <u>LINA's Motion for Judgment</u> at 13-15.  As such, Magistrate Judge Collings correctly applied the arbitrary and capricious standard of review in his review of LINA's decision.

**C.   MAGISTRATE JUDGE COLLINGS CORRECTLY ARTICULATED THE <u>WICKMAN</u> ANALYSIS AND THOROUGHLY CONSIDERED MR. MCGILLIVRAY'S EXPECTATIONS, PERSONAL CHARACTERISTICS AND EXPERIENCE**

While concluding that LINA is not obligated to apply the <u>Wickman</u> analysis, Magistrate Judge Collings applied the <u>Wickman</u> analysis to the facts of this case to aid the Court in determining whether LINA's interpretation was reasonable and its decision plausible.  <u>Report and Recommendation</u> at 13-29.  In her objections to the Report and Recommendation, Plaintiff confuses the steps of the <u>Wickman</u> analysis and accuses LINA and the Court of not considering the subjective belief of the decedent by not making any "attempt to take into account the insured's expectations, personal characteristics, or experiences." <u>Plaintiff's Objections</u> at 3-4, 8.

First, as explained above, LINA does not have to apply the <u>Wickman</u> analysis and Plaintiff's complaints about LINA's application of the <u>Wickman</u> analysis are irrelevant.  Second, with respect to the Plaintiff's objection to the Court's application of the <u>Wickman</u> analysis, the

3

Plaintiff confuses the steps of the <u>Wickman</u> analysis. The first step in the <u>Wickman</u> analysis is not to determine the insured's subjective intent as Plaintiff suggests, but rather, it is to determine "the reasonable expectations of the insured **when the policy was purchased**." <u>Wickman</u>, 908 F.2d at 1088; <u>Plaintiff's Objections</u> at 4. None of the sources identified by Plaintiff reveal any information about Mr. McGillivray's expectations at the time the policy was purchased. <u>Plaintiff's Objections</u> at 2-3. Since Mr. McGillivray's expectations at the time the policy was purchased were unknown, the Court appropriately applied an objective analysis of the insured's expectations." <u>Report and Recommendation</u> at 14. It is in the objective analysis of the insured's expectations, not the first step of the <u>Wickman</u> analysis as Plaintiff's suggests, that the Court considers, "whether a reasonable person, with background and characteristics similar to the insured, would have viewed the injury as highly likely to occur as a result of the insured's intentional conduct." <u>Report and Recommendation</u> at 14 (citing <u>Wickman</u>, 908 F.2d at 1088).

Contrary to Plaintiff's suggestion that Magistrate Judge Collings did not take the insured's expectations, personal characteristics or experience into account, <u>Plaintiff's Objections</u> at 3-4, Magistrate Judge Collings engaged in an in depth analysis of these factors in the Report and Recommendation and appropriately concluded that a reasonable person in insured's shoes would have viewed an injury as highly likely to occur. <u>Report and Recommendation</u> at 24-28. As explained above, Magistrate Judge Collings correctly stated and applied the <u>Wickman</u> analysis and Plaintiff's objections are unfounded.

**D.   MAGISTRATE JUDGE COLLINGS CORRECTLY REFUSED TO CONSIDER STATISTICS NOT PRESENTED TO LINA DURING THE ADMINISTRATIVE REVIEW PERIOD**

Contrary to Plaintiff's objections, Magistrate Judge Collings correctly refused to consider statistics that were not presented to LINA during the administrative review period. <u>Report and Recommendation</u> at 20-23. Specifically, Plaintiff challenges the Court's rejection of Plaintiff's

4

argument that LINA and the Court should rely on statistics cited by the United States District Court for the District of Michigan in Lennon v. Metropolitan Life Ins. Co., 446 F.Supp.2d 245 (E.D. Mich. 2006). Plaintiff's Objections at 5-6, 8-15. Without citing any legal authority, Plaintiff argues: 1) that LINA should have sought out and relied on the statistics cited in the Lennon case; and 2) that the Court itself erred in refusing to rely on the Lennon statistics

With respect to the first, as discussed above, the Plan conferred discretion upon LINA to interpret the terms of the Plan and to determine eligibility under the Plan. As such, just as LINA was not required to apply the Wickman analysis to its review of Plaintiff's claim, LINA was not required to apply the Lennon statistics in its evaluation of Plaintiff's claim. Plaintiff does not cite any legal authority that requires LINA to rely on the statistics cited in the Lennon case.

With respect to the second, Magistrate Judge Collings correctly refused to consider the Lennon statistics because: 1) the First Circuit limits the Court's review to the evidentiary record provided to the administrator during the administrative review period and the Lennon statistics were not presented to LINA during the review of Plaintiff's claim, Report and Recommendation at 21-23; and 2) the statistics do not consider the circumstances of the particular decedent, Report and Recommendation at 23. See also LINA's Motion for Judgment at 17-19. Moreover, neither the Court nor LINA has been presented with the opportunity to verify the statistics cited by the Lennon Court and reliance on the same would be irresponsible.

E.  **THE COURT SHOULD RECONSIDER LINA'S ARGUMENT THAT PLAINTIFF IS NOT ENTITLED TO BENEFITS BECAUSE DECEDENT DIED IN THE COMISSION OF A FELONY**

If the Court rejects Magistrate Judge Collings' decision, which it should not, the Court should reconsider LINA's argument that Plaintiff is not entitled to benefits because the decedent died in the commission of a felony. LINA's Motion for Judgment at 10-11. Magistrate Judge Collings concluded that the Record supports LINA's argument that Plaintiff died in the

5

commission of a felony but declines to consider that rational because LINA did not rely on it as a basis for denying Plaintiff's claim during the administrative review period.  <u>Report and Recommendation</u> at 29, n. 16.  The Report and Recommendation cites a non-binding Eighth Circuit case to support the Magistrate's decision not to consider the felony exclusion, but does not consider the specific instruction on these matters given by the First Circuit.  As explained in LINA's Motion for Judgment, the First Circuit has not established a hard and fast rule against considering a new basis for denial raised during litigation and has in fact, specifically instructed that that it takes a "case-by-case approach to addressing a plan's attempt to articulate in litigation a new basis for the denial of benefits."  <u>Bard v. Boston Shipping Assoc.</u>, 471 F. 3d 229, 236 (1st Cir. 2006).

     As discussed in LINA's Motion for Judgment, the Court should consider the felony basis for denial of Plaintiff's claim because it is a legal analysis that is the same now as it would have been at the time LINA initially reviewed Plaintiff's claim.  Plaintiff will not be prejudiced in any way if the Court considers the felony exclusion because: 1) there is nothing that Plaintiff could have submitted during the claims review process that would change the legal analysis; and 2) Plaintiff had the opportunity in her reply in this litigation to respond to the argument that Plaintiff's claim should be denied under the felony exclusion.  For these reasons, LINA respectfully requests that the Court reconsider its argument that Plaintiff is not entitled to benefits because decedent died in the commission of a felony.

## **CONCLUSION**

     For the reasons set forth above and further explained in LINA's Motion for Judgment, the Court should reject Plaintiff's objections and uphold the decision set forth by Magistrate Judge Collings in the Report and Recommendation.

        Respectfully submitted,

        The Defendant,

        LIFE INSURANCE COMPANY OF
        NORTH AMERICA

        By its Attorneys,

        /s/Katherine R. Parsons
        David B. Crevier, BBO# 557242
        Katherine R. Parsons, BBO# 657280
        CREVIER & RYAN, LLP.
        1500 Main Street, Suite 2020
        Springfield, MA 01115-5727
        Tel: (413) 787-2400
        Facsimile: (413) 781-8235
        Email: dcrevier@crevierandryan.com
              kparsons@crevierandryan.com

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 13th day of September, 2007.

        /s/Katherine R. Parsons